### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**WILLIAM T. CANIFF, JR.,**                              CASE NO. 4:25 CV 693

      Petitioner,

      v.                                        JUDGE JAMES R. KNEPP II

**IAN HEALY, WARDEN,**

      Respondent.                            **MEMORANDUM OPINION AND
ORDER**

#### INTRODUCTION

William T. Caniff, Jr., ("Petitioner"), a federal prisoner incarcerated at FCI Elkton, has filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). In his Petition, Petitioner contends the Bureau of Prisons ("BOP") has abused its discretion in setting a date for his transfer to a Residential Re-entry Center ("RRC") or home confinement ("HC") in violation of the Second Chance Act, 18 U.S.C. § 3624(c). *Id.* at 2, ¶ 6. Specifically, he contends the BOP is violating his "right to receive the maximum amount of time at RRC/HC" allowed under the Act (*i.e.*, the final twelve months of his sentence). *Id.* at 7. He seeks an order requiring the BOP to set a transfer date earlier than the date the BOP has set for his transfer (January 14, 2026). *See id.* at 8-9.

Petitioner has also filed motions in the case for "summary disposition," for his case to be expedited, and for an emergency injunction/order compelling the BOP to complete a "new placement referral form." (Docs. 2, 4, 5).

#### STANDARD OF REVIEW AND DISCUSSION

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A

court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Upon review, the Court finds that the Petition must be dismissed. Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). The Petition on its face does not demonstrate that Petitioner is in custody in violation of the Constitution or laws of the United States.

The Second Chance Act provides that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community," such as transfer to an RRC or home confinement. 18 U.S.C. § 3624(c). But while RRC placement and home confinement are helpful resources for readjustment to society, prisoners do not have a constitutionally protected right to serve the final twelve months of their sentence in either an RRC or in home confinement. The Second Chance Act "only requires the BOP to consider placing an inmate in RRC for *up to* a 12–month period." *Mallett v. Shartle*, 2011 WL 3289463, at *2 (N.D. Ohio) (citing *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009)). "It does not automatically mandate, entitle, or guarantee, any prisoner" such placement for twelve months. *Id.*; *see also Whittenberg v. Ziegler*, 2015 WL 2406111, at *1, n.2 (S.D.W.Va.) (prisoners do not possess a constitutionally-protected interest in placement in an RCC or home confinement

because the BOP's placement decisions under the statutes are "clearly permissive," not mandatory).

Under the Second Chance Act, the BOP's decision whether and when to place an inmate in pre-release community confinement is discretionary and "determined on an individual basis" by the BOP according to the factors in 18 U.S.C. § 3621(b).[1] *See McIntosh v. Hickey*, 2010 WL 1959308, at *3 (E.D. Ky.). Further, the BOP – not the judiciary – "is responsible for designating the place of a prisoner's imprisonment." *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015). "While a judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of government . . . and is delegated to the Bureau of Prisons." *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1991).

Accordingly, here, although Petitioner disagrees with the BOP's assessment of the facts relative to his eligibility for transfer under the Second Chance Act (*see* Doc. 1, at 7), he has not demonstrated that the BOP failed to assess his eligibility for transfer under the factors established in 18 U.S.C. § 3621(b), which is all he is entitled to. *See Mallett*, 2011 WL 3289463, at *2 (petitioner's "only entitlement is an individual evaluation for placement at a CCC consistent with the factors set forth in 18 U.S.C. § 3621"); *McIntosh*, 2010 WL 1959308, at *3 (dismissing petition which did not demonstrate that the BOP failed to consider the statutory factors). This Court has no authority to require the BOP to alter its determination as to his eligibility for transfer, or to require the BOP to complete a new placement referral form. *See Mueses v. Terrell,* 2010 WL 4365520, at *4 (E.D.N.Y.) (in order for a court to order the BOP to reconsider its

---

1. These factors include: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission. *Id*.

3

placement recommendation, the court must find that the BOP has abused its discretion by failing to consider the statutory factors), citing *Fournier v. Zickefoose*, 620 F. Supp. 2d 313, 318 (D. Conn. 2009) ("[O]nce the Court has determined that the BOP did not exceed its authority in reaching its decision, it is beyond the purview of the court to second guess the outcome.").

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that the Petition in this matter is DENIED and this action is DISMISSED pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases[2]; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

  s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: June 26, 2025

---

2. Petitioner's additional pending motions (Docs. 2, 4, 5) are therefore denied as moot.

4